FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 OCT -5 AM 10:00

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| LYNDA F. WILDER, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-98-N-1652-S |
| BLOUNT COUNTY BOARD OF EDUCATION, et al. | ] |
| Defendant(s). | ] |

ENTERED
OCT 5 1999

### Memorandum of Opinion

In this employment discrimination action, Lynda F. Wilder (Wilder) sues her employer, the Blount County Board of Education (Blount County), pursuant to the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981a, and violations of the Fourteenth Amendment of the United States Constitution, pursuant to the remedial provisions of 42 U.S.C. § 1983 (§ 1983). Furthermore, Wilder asserts a § 1983 claim against Blount County Superintendent of Education Donnie Breaseale in his individual capacity[1] (Breaseale). Specifically, Wilder alleges gender discrimination and equal protection violations based upon disparate treatment arising out of her failure to be hired for numerous positions within the Blount County System. Although the complaint asserts claims pertaining to nine separate administrative positions, the plaintiff has decided to pursue only five: (1) Hayden High School principal; (2) Southeastern Elementary School

---

[1] Wilder originally brought claims against Andrew Neill, Dennis Maze, Gregg Armstrong, James D. Hornbuckle, Sr., Charles Morton, Margaret O. Balch, and Johnny Brigman, under 42 U.S.C. §§ 1981 and 1983, and Title VII. However, she consents to summary judgment on all of these claims. (Opponents Responsive Submission in Response to Exhibit D of the Court's Order p. 3-4). Consequently, the only remaining defendants are the Blount County Board of Education and Breaseale.

principal; (3) Pennington High School assistant principal; (4) Appalachian School assistant principal; (5) Hayden Middle School assistant principal.

The court presently has for consideration the defendants' motion for summary judgment. The motion has been fully briefed. The parties were afforded an opportunity to orally argue their respective positions at the court's regularly scheduled motion docket on Tuesday, September 28, 1999. Neither party took advantage of that opportunity. The motion is, thus, ripe for decision. Upon due consideration, the motion will be granted in all respects.

I.     **Statement of Facts.**[2]

Wilder has served as a teacher in the Blount County school system for approximately twenty-two years, and is currently employed as a teacher at Hayden Middle School. She is certified to teach up to the ninth grade level.[3] Wilder received a Masters Degree in Elementary Education in 1994, and expects to receive her Advanced Educational Specialist (EDS) degree in administration in May of 2000. In May of 1997, Wilder received her administrative certification from the state qualifying her to hold an administrative position in a public school in Alabama.

On May 19, 1997, Blount County posted vacancy notices for administrative positions for (1) principal of Hayden High School; (2) principal of Southeastern Elementary School;

---

[2] The facts set out below are gleaned from the parties' submission of facts, their respective responses to those submissions, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386, 1400 (11th Cir. 1994).

[3] The court assumes that unless noted, the high schools in this matter consist of grades nine through twelve.

2

and (3) assistant principal of J. B. Pennington High School. According to Wilder, she was given a date in June to be interviewed for these positions. Upon learning that other candidates were being interviewed weeks ahead of her, she called Breaseale to express her concern that her interview would take place after the Board met to vote on recommendations for the posted administrative vacancies. As a result of her inquiry, Wilder's interview was rescheduled for an earlier date in May. She was not hired for any of the positions and contends that each selection was wrongfully determined on the basis of her gender, and that the decisions were weighted in favor of athletic coaches, adversely impacting on females as a group.

The Hayden High School principal position was awarded to Mr. Steve Latta (Latta). Prior to his appointment, Latta served as a teacher at Hayden High for ten years where he developed an excellent reputation as a teacher. At the time of his selection, he had a Masters in Administration and an EDS. Moreover, in prior school years, Latta had been assigned and performed various administrative duties at Hayden High School.

Mr. Michael Peoples (Peoples) was hired for the principal position at Southeastern Elementary School. When selected, he had been employed with the Blount County Board of Education for over sixteen years, including seven years as the assistant principal at Appalachian School. He was the holder of a Masters Degree in Elementary Education and an EDS degree. Moreover, he was recommended for the Southeastern position by the principal at Appalachian School, Jim Carr.

The assistant principal position at J.B. Pennington High School was filled by Mr. Allen Hargett (Hargett). Since 1994, he had been employed by the Blount County Board of

3

Education as an English teacher at Hayden High School and had recommendations from the Superintendents of the Midfield and Shelby County school systems. He also had a reputation as an excellent disciplinarian. Hargett had earned a Masters Degree in English, having completed graduate school with a 4.0 G.P.A. Finally, Hargett was certified to teach all high school grades, and is currently teaching at that level.

On June 16, 1997, the Board of Education posted a vacancy notice for a position of assistant principal at the Appalachian School.[4] Although it is disputed whether Wilder formally applied for this position, it is undisputed that her application was on file, and that she had "kept in touch" with the personnel director about the status of the application file and any new job postings. The position went to Mr. Rodney Green (Green), the applicant who was recommended by current Appalachian School principal Jim Carr. Green had eleven years experience teaching high school in the Blount County system, and received excellent recommendations from his former supervisors. Furthermore, unlike Wilder, Green is certified to teach above the ninth grade level.

The final position that Wilder asserts she did not receive because of her gender is the assistant principal position at Hayden Middle School, the school where she presently teaches. The facts surrounding this position are somewhat obscure because it was not the standard assistant principal vacancy. First, the former assistant principal served as half-time assistant principal at Hayden High, and half-time at Hayden Middle School. Moreover, it is undisputed that at the time the vacancy occurred, Hayden Middle School did not qualify for

---

[4] The Appalachian School consisted of kindergarten through the twelfth grade. However, Superintendent Breaseale describes the vacant position as the assistant principal at Appalachian High School.

4

a full-time assistant principal. According to Breaseale, the Board of Education decided to place an individual in this assistant principal's position half-time, while allowing that same individual to teach at Hayden High School for the other half-day. Wilder disputes this statement because nothing in the board minutes reflects this decision was ever made.

The position was eventually filled by Mr. Mark Carter (Carter), a teacher at Hayden Middle School for seventeen years. He was recommended by Hayden Middle School principal Peggy White, and was voted "teacher in charge" by the school faculty. He holds an EDS degree in school administration. Finally, Carter was certified to teach at the high school level beyond the ninth grade.

Wilder filed a charge of discrimination with the EEOC on September 22, 1997, alleging discrimination in violation of Title VII. Ms. Wilder's EEOC charge was dismissed by the EEOC on March 31, 1998, because the EEOC was unable to conclude that the information obtained established a violation of the statute. She filed her complaint in this court on June 26, 1998.

## II.     Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

5

if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable

6

jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III.  Gender Discrimination.

Title VII prohibits an employer from discharging or otherwise discriminating against an employee on the basis of gender. 42 U.S.C. § 2000e-2(a)(1). A plaintiff who alleges disparate treatment based upon gender under Title VII must prove that the defendant acted with a discriminatory purpose. *See Nix v. WLCY Radio Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984), *reh'g denied*, 747 F.2d 710 (11th Cir. 1984) (race discrimination case). A plaintiff can create a rebuttable presumption of discriminatory intent by establishing a prima facie case. *Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir. 1988), *cert. denied*, 488 U.S. 1004 (1989). A plaintiff may establish a prima facie case in three ways: (1) "by presenting direct evidence of discriminatory intent; [(2)] by meeting the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); or [(3)] by demonstrating through statistics a pattern of discrimination." *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990).

### A.  Direct Evidence and Statistical Evidence.

Direct evidence is "evidence, which if believed, proves existence of a fact in issue without inference or presumption." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) citing *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n.6 (11th Cir. 1987). In contrast, if the evidence presented only "suggests" discrimination, or is subject to more than one interpretation, it is not direct evidence. *Merritt*, 120 F.3d at 1189. A second means by which Wilder may prove her prima facie case is with the presentation of statistical evidence that demonstrates a pattern and practice of gender discrimination. *Young v. General Foods Corp.*, 840 F.2d at 828. In this case, Wilder presents no direct evidence or

8

statistical evidence of gender discrimination by the Blount County Board of Education. Thus, she must attempt to establish discriminatory intent through circumstantial evidence.

### B. Circumstantial Evidence.

Where a plaintiff's discrimination claim is based on circumstantial evidence, the court employs the burden-shifting framework established in *McDonnell Douglas Corp.*, 411 U.S. 792. First, the plaintiff has the burden of establishing a prima facie case of discrimination. "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). In a failure to hire case, the plaintiff must prove (1) she was a member of a protected class; (2) she applied for a position with the defendant employer; (3) she was qualified for the position; and (4) the position was given to someone outside of the protected class *Walker v. Mortham*, 158 F.3d 1177, 1184 n.10 (11th Cir. 1998). The elements of a prima facie case in a promotion case are (1) that the plaintiff be a member of a protected class; (2) that she was qualified for and applied for the promotion; (3) that she was rejected; and (4) that someone outside of the protected group was given the position. *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1333 (11th Cir. 1998).[5] If the plaintiff succeeds in establishing a prima facie case of discrimination, the burden of production then shifts to the defendant, requiring it to articulate some "legitimate, nondiscriminatory reason" for the alleged discriminatory employment action it took. *Walker*, 158 F.3d at 1184. This burden of production is "exceedingly light," as the defendant must

---

[5] Whether the failure of the plaintiff to receive the positions in question is treated as failures to hire or as promotions claims, the analysis is substantially the same.

9

merely proffer nondiscriminatory reasons, not prove them. *See Meeks v. Computer Assoc. Int'l.*, 15 F.3d 1013, 1021 (11th Cir. 1994). In some circumstances, "it is possible for the defendant to present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted." *Brown*, 939 F.2d at 950 (quoting *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 596 (11th Cir. 1987)).

Once the defendant has articulated a legitimate, nondiscriminatory reason for its action, the presumption of discrimination "drops from the case." *Burdine*, 450 U.S. at 255 & n.10. However, the plaintiff then has the opportunity to present evidence, including evidence used to establish the prima facie case, sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997), *cert. denied*, 118 S. Ct. 685 (1998). The plaintiff may prove that the defendant intentionally discriminated against him "'either directly, by persuading the court that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989) (quoting *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1445 (11th Cir. 1985), *cert. denied*, 474 U.S. 1005 (1985)). "Plaintiffs burden at summary judgment is met by introducing evidence that could form the basis for a finding of facts, which when taken in the light most favorable to the non-moving party, could allow a jury to find by a preponderance of the evidence that the plaintiff has established pretext." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 921 (11th Cir. 1993). If a plaintiff succeeds in this burden, the "disbelief of the defendant's proffered reasons, together with the prima

facie case, is sufficient circumstantial evidence to support a finding of discrimination" and to preclude summary judgment. *Combs,* 106 F.3d at 1529.

### IV. Positions Applied For By Ms. Wilder.

#### A. Hayden High School Principal.

Ms. Wilder has established a prima facie case of gender discrimination based on the failure to hire her as the Hayden High School Principal. It is undisputed that she is a member of a protected class (female); she applied for the position; she was qualified for the position; and Steve Latta, a male, was hired as principal. The defendant argues that Latta received the position for the entirely non-discriminatory reason that he had more and better experience and qualifications. First, the defendant states that Latta holds both a Masters Degree in Administration, as well as the Advanced Educational Specialist degree. In addition, he had served as a teacher at Hayden High School, where he earned an excellent reputation for his teaching skills, for ten years before being appointed to the position of principal. Moreover, in previous years, the former principal had assigned to Latta various administrative duties which he had performed well. Also, the former Hayden High School principal, Larry Adams, allegedly gave Latta an outstanding recommendation for the position. In contrast, Wilder's principal, Peggy White, allegedly told Breaseale that Wilder had a "tendency to rub other teachers the wrong way with excessive boasting and bragging."

The defendants having articulated non-discriminatory reasons for hiring Latta instead of Wilder, the burden now shifts back to her to show if she can that there exists a genuine issue regarding whether the defendants' proffered reasons were the true reasons for the

11

employment decision. See Combs, 106 F.3d at 1528. If there is sufficient evidence to demonstrate a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged action, then Wilder will survive summary judgment. Id. at 1529. Wilder introduces evidence sufficient to permit the fact finder to disbelieve the claimed recommendations of Adams and White. For example, Adams's affidavit states, "[n]either the Superintendent nor any member of the Blount County Board of Education asked me for a recommendation regarding any candidate for administrative positions which became available in 1997." (Adams Aff. ¶ 2). As for White, it is undisputed that, having been asked by the Jefferson County Board of Education to appraise the plaintiff's personal qualities, professional and social traits, and school management, she gave Wilder a rating of "Best." In addition, Latta, the person hired, did not receive his EDS until after the decision had been made.

Unfortunately for Wilder's case, she has not presented evidence which would discredit the other legitimate non-discriminatory reasons proffered by the defendant. It is undisputed that although Wilder has a masters degree, unlike Latta, she did not have a masters in administration. Moreover, Wilder has not presented any evidence to discredit the fact that unlike herself, Latta had high school teaching experience, and that he had already assumed and performed some of the administrative responsibilities at Hayden High School. Hiring someone with a Masters in Administration who had worked at Hayden High for ten years is a legitimate non-discriminatory reason which Wilder has failed to sufficiently rebut. Accordingly, the motion for summary judgment as to the Hayden High School principal position is granted.

### B. Southeastern Elementary School Principal.

Just as in the Hayden High School matter, Wilder has established a prima facie case. Here, the job went to Mike Peoples. The legitimate non-discriminatory reason given for hiring him over the plaintiff is that he had superior qualifications. Peoples had over sixteen years experience in the Blount County System, including seven years as the assistant principal at Appalachian School. Moreover, the defendant asserts that Peoples has a Masters Degree in Administration and an EDS. Lastly, Superintendent Breaseale noted that the principal at Appalachian School, Jim Carr, gave a very favorable recommendation for Peoples.

The same standard to rebut legitimate non-discriminatory reasons applied in the Hayden High example is utilized in this situation. Wilder presents evidence that Breaseale did not talk to Carr, and that Peoples had a masters in elementary education rather than administration. However, no evidence was presented to discredit the fact that unlike Wilder, Peoples had an EDS. Most importantly, it is undisputed that Peoples, unlike Wilder, had been in an administrative position for seven years before he received the Southeastern job. An employer is entitled to hire someone because of superior educational background and previous work experience. Because Wilder did not adequately dispel such reasons for hiring Peoples, the motion for summary judgment as to the Southeastern job is due to be granted.

### C.    J. B. Pennington High School Assistant Principal.

The defendant asserts that Wilder can not establish a prima facie case because she was not qualified for this position. In particular, the assistant principal at J. B. Pennington is allegedly required to teach in high school above the ninth grade level. Ms. Wilder is certified to teach up to the ninth grade, but claims that she was told by Breaseale that the minimum qualification was that she be able to teach high school, not grades ten through twelve. Furthermore, neither party has produced a formal job description that details the qualifications asserted by the defendants. Regardless, the defendant has presented legitimate nondiscriminatory reasons for not hiring Wilder. "When the defendant fails to persuade the district court to dismiss the action for lack of a prima facie case, and responds to the plaintiff's proof by offering evidence of the reason for the plaintiff's rejection, the fact finder must then decide whether the rejection was discriminatory within the meaning of Title VII." *United States Postal Serv. Bd. of Governors* v. *Aikens*, 460 U.S. 711, 714-15,

The legitimate nondiscriminatory reasons proffered by Blount County include: (1) the newly-appointed principal, Gary McGill, "enthusiastically" agreed with the superintendent's recommendation of Allen Hargett; (2) Hargett had a masters in administration; (3) he was recommended by three administrators (Hayden High Principal Larry Adams, Midfield City Board of Education Superintendent Andy Rowell, and Shelby County Board of Education Superintendent Bill Sparks); (4) he had a reputation for being a disciplinarian; (5) he was certified to teach grades ten through twelve; (6) he graduated from graduate school with a G.P.A. of 4.0; and (7) he had been an English teacher at Hayden High School from 1994 until the date of the promotion.

In response, Wilder offers evidence that Hargett had a masters in English, that Adams did not recommend Hargett, that there was no objective requirement that the assistant principal be certified to teach grades ten through twelve, and that Blount County proffered no admissible evidence as to Hargett's G.P.A. However, she has not produced substantial evidence that Principal McGill did not agree with the recommendation. Moreover, there is nothing to contradict the recommendations of Rowell and Sparks, nor is there any evidence that Hargett was not a disciplinarian. Finally, it is a legitimate non-discriminatory reason for a high school to hire someone as an assistant principal because he can teach grades ten through twelve (rather than only up to grade nine like Wilder), and because he had experience teaching high school. While Wilder has disputed a few of the legitimate nondiscriminatory reasons, she has failed to show that all of the explanations are unworthy of credence. Accordingly, as to the J. B. Pennington Assistant Principal position, summary judgment is due to be granted.

### D.     Appalachian School Assistant Principal.

Blount County argues that the plaintiff cannot establish a prima facie case of discrimination regarding this position because she did not apply for it. In response, the plaintiff claims she applied for this position under the "informal procedures" of the Board. Furthermore, she claims that the person who was selected, Rodney Green, did not apply. However, in its reply brief the defendant states that Green's application has been provided to the plaintiff's counsel. It is undisputed that on June 16, 1997, the Appalachian School Assistant Principal position was posted as vacant. The posting established June 27, 1997, as the deadline for the receipt of applications for the position, and directed the applicants

to contact personnel director Rod Doty for complete application procedures. Blount County asserts that Wilder did not contact Doty, but the plaintiff asserts that she "kept in touch" with him about the status of the application file and new postings. However, just as in the J. B. Pennington example, the defendant also asserts legitimate nondiscriminatory reasons for hiring Green. Assuming, without deciding, that Wilder has established a prima facie case, the plaintiff still cannot prevail because she cannot present sufficient evidence to create a genuine issue of fact regarding the defendants' proffered non-discriminatory reasons for hiring Green.

Blount county asserts that Green was more qualified than Wilder for the position. First, Appalachian School principal Jim Carr recommended that Rodney Green be appointed as the new assistant principal at Appalachian High School. In addition, at the time of his appointment, Green had eleven years teaching experience in the Blount County school system at the high school level. Finally, the assistant principal position allegedly required the assistant principal to teach high school science. Wilder responds that she was qualified to teach ninth grade science, and the former assistant principal was allegedly not certified to teach high school when he held the position. However, as found in the analysis of the positions already discussed, Wilder cannot dispute the fact that Green has more high school related work experience than Wilder. Furthermore, unlike Wilder, Green had the recommendation of the current Appalachian principal. She presents no evidence that these nondiscriminatory legitimate explanations are somehow unworthy of credence. Accordingly, summary judgment is due to be granted.

     **E.**     **Hayden Middle School Assistant Principal.**

The transfer of Clara Stephenson from the position of half-time assistant principal at Hayden Middle School to Susan Moore School left Hayden Middle without an assistant principal. However, based on its student enrollment, Hayden Middle did not qualify for a full-time assistant principal. According to Superintendent Breaseale, the Board of Education decided to place an individual in this assistant principal's position half-time while allowing that same individual to teach at Hayden High School for the other half-day. As for establishing a prima facie case, the defendant asserts that Wilder was not qualified for the position because her teacher certification extended only to the ninth grade. However, no evidence has been presented to show that the requirement of teaching at the high school could not be met by teaching the ninth grade. Accordingly, for summary judgment purposes, it appears that Wilder could have been qualified for this position. Nevertheless, Wilder can not show that the legitimate nondiscriminatory reasons given by the defendant for not hiring her were merely pretextual.

The defendants assert a number of legitimate non-discriminatory reasons for not hiring the plaintiff. First, the person hired, Mark Carter, holds an EDS degree in school administration. Wilder will not receive her EDS degree until May 2000. Also, Carter had received a strong showing of support from other Hayden Middle School faculty members when he was voted "teacher in charge." Furthermore, Wilder does not dispute the fact that Carter's teacher certification allows him to teach at the high school level beyond the ninth grade. Finally, Hayden Middle School principal Peggy White recommended to Breaseale that Carter be placed as the half-time assistant principal at the school.

In response, Wilder does little to show the above explanations are merely pretextual. She attempts to discredit White's recommendation by stating that White did not know who was officially considered for the position, she did not interview any candidates, and she played no role in the promotion beyond writing a letter for Carter pursuant to a request from "someone from the Board." However, none of this information contravenes the undisputed fact that White recommended that Carter be appointed. However, even if White is taken out of the analysis, it remains undisputed that Carter had more education than Wilder; he, not Wilder was voted "teacher in charge" by his peers; and that he could teach grades ten through twelve. When part of the job requires the employee to teach high school, it seems reasonable to hire the person who can teach all four grades, rather than just one. Wilder has not presented any evidence which would tend to discredit or render the defendants' reasons unworthy of credence. Accordingly, the defendants' motion for summary judgment based on the Hayden Middle School position will be granted.

**V.      Section 1983.**

The same order and allocation of proof analysis used for Title VII claims is also used for § 1983 gender discrimination claims. *See Arrington v. Cobb County*, 139 F.3d 865, 873 (11th Cir. 1998). The foregoing analysis shows that Wilder has not presented sufficient evidence of pretext as to any of her claims. Accordingly, her § 1983 claims fail. The defendants' motion for summary judgment as to the § 1983 claims will be granted.

## VI.     Conclusion.

In accordance with the foregoing analysis, summary judgment is due to be granted as to all counts against the Blount County Board of Education and Mr. Donnie Breaseale. An appropriate judgment, conforming to this opinion, will be entered.

Done, this ____4th____ of October, 1999.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE